IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| *BRANDON HAMMAN,* | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 3:25-cv-00736 |
| | ) | |
| *The CITY OF CARBONDALE, an Illinois municipal corporation, JOHN LENZINI, in his individual and official capacities, and LEONARD JAMIE SNYDER in his individual and official capacities,* | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION FOR EVIDENTIARY HEARING ON PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION**

NOW COME Defendants, by undersigned counsel, and move the Court to hold an evidentiary hearing on Plaintiff's pending Motion for Preliminary Injunction. [Doc. 8] In support of this Motion, Defendants state:

1. Plaintiff has filed a Motion for Preliminary Injunction [Doc. 8] pursuant to Fed. R. Civ. P. 65, asking this Court to "issue a preliminary injunction prohibiting Defendants from enforcing their unconstitutionally vague ordinance against Hamman's protected speech activities in a public forum."

2. Defendants have filed a Response to Plaintiff's Motion for Preliminary Injunction [Doc. 17] requesting that the Court deny the Motion for Preliminary Injunction.

3. Plaintiff has filed a Reply to Defendant's Response [Doc. 20] requesting the same relief requested in his Motion for Preliminary Injunction.

4. The Motion for Preliminary Injunction is now at issue.

40125298.v1

5. There are both factual and legal issues presented by the Motion, the Response and the Reply.

6. Defendants intend to introduce evidence that they believe will so weaken the moving party's case as to affect the Court's decision on whether to issue the injunction. *D.P., a minor, by her mother and next friend, A.B. v. Mukwonago Area School Dist.,* 2025 WL 165279 at [9] (7th Cir.).

7. Although Plaintiff has attached his Declaration to the Motion for Preliminary Injunction, a motion for preliminary injunction should not be resolved on the basis of affidavits alone. *Medeco Security Locks, Inc., v. Swiderek*, 680 F.2d, 38 (7th Cir. 1981): ["Normally, an evidentiary hearing is required to decide credibility issues."]

WHEREFORE, Defendants respectfully move this Honorable Court to enter an Order setting an evidentiary hearing on Plaintiff's Motion for a Preliminary Injunction with an opportunity for the parties to present oral arguments to the Court.

    SANDBERG PHOENIX & von GONTARD P.C.

By: /s/ *A. Courtney Cox*
A. Courtney Cox, #6182590
John L. Gilbert, #954101
Philip J. Lading, #6271659
101 W. Vandalia Street, Suite 300
Edwardsville, IL 62025
618-659-9861
618-659-9862 (Fax)
Email: ccox@sandbergphoenix.com
Email: jgilbert@sandbergphoenix.com
Email: plading@sandbergphoenix.com

*Attorneys for Defendants*
*City of Carbondale, an Illinois municipal corporation, John Lenzini, in his individual and official capacities, and Lenoard Jamie Snyder in his individual and official capacities*

40125298.v1

## Certificate of Service

The undersigned certifies that on the 2nd day of July 2025 the foregoing was filed electronically with the Clerk of the Court and was served upon all counsel of record via the court's electronic service to the following:

Kelsey E. McGee
Stuart J. Roth
Nathan J. Moelker
Liam R. Harrell
Christina A. Compagnone
American Center for Law & Justice
P.O. Box 90555
Washington, DC 2009-0555
kmcgee@aclj.org;
sroth@aclj.org
nmoelker@aclj.org;
lharrell@aclj.org;
ccompagnone@aclj.org
*Counsel for Plaintiff*

/s/ A. Courtney Cox

40125298.v1