UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRANDON HAMMAN,<br><br>*Plaintiff,*<br><br>v.<br><br>The CITY OF CARBONDALE, an Illinois municipal corporation, JOHN LENZINI, in his individual and official capacities, and LENOARD JAMIE SNYDER, in his individual and official capacities,<br><br>*Defendants.* | Case No. 3:25-cv-00736-NJR<br><br>**Chief Judge Nancy J. Rosenstengel** |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR A HEARING ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff Brandon Hamman, by and through counsel, respectfully responds to Defendants' Motion for Evidentiary Hearing on Plaintiff's Motion for Preliminary Injunction. (Doc. 22). Parties agreed on requesting a hearing, but Defendants stated that they "intend to introduce evidence." (Doc. 22 at ¶ 6). Plaintiff asked for an exchange of evidence prior to the hearing, and Defendants did not respond. Plaintiff respectfully requests that the Court grant the Motion for an Evidentiary Hearing with a requirement that the parties exchange witness and exhibit lists prior to the hearing.

Plaintiff does not know the nature of the new evidence Defendants intend to introduce. In order to justify a full evidentiary hearing, a party "must be able to persuade the court that the issue is indeed genuine and material and so a hearing would be productive--he must show in other words that he has and intends to introduce evidence that if believed will so weaken the moving party's case as to affect the judge's decision on whether to issue an injunction." *Ty, Inc. v. GMA Accessories, Inc.*, 132 F.3d 1167, 1171 (7th Cir. 1997). In that case, GMA failed to make the showing necessary to justify an

evidentiary hearing because the only evidence it sought to present was oral testimony of a woman whose "testimony would presumably have duplicated her affidavit, which was already in evidence; at least, GMA has not indicated what her testimony would add to her affidavit." *Id.* And contrary to the Defendants' arguments (Doc. 22 at ¶ 7), the court emphasized that "[a]ffidavits are ordinarily inadmissible at trials but they are fully admissible in summary proceedings, including preliminary-injunction proceedings." *Id.*; *see also In re Aimster Copyright Litig.*, 334 F.3d 643, 654 (7th Cir. 2003).

Here, Defendants have sought an evidentiary hearing without identifying what evidence they would introduce, or why that undisclosed evidence is material to this case. *Ty, Inc.* makes clear that an affidavit is admissible and a full evidentiary hearing is unnecessary to merely duplicate that affidavit. Defendants have not identified what new evidence they would submit that would go beyond the affidavits. This failure is fatal, as they have necessarily failed to make the required materiality showing.

But there is another, fundamental problem here. The basic requirement of due process is reasonable notice and an opportunity to be heard. Defendants have sought an evidentiary hearing, claiming they will "introduce evidence" that will weaken the moving party's case, while avoiding any identification of the evidence that will be introduced. In other words, they have not given Plaintiff any notice of their new evidence. "The requirement that this evidence be submitted with the moving papers serves the purpose of giving the nonmoving party notice of what evidence will be presented at the hearing, which is necessary in light of the fact that a preliminary injunction is typically sought at the beginning of the litigation, long before discovery has even started." *3RC & Co. v. Boynes Trucking Sys.*, 63 V.I. 544, 561 (2015). Defendants did not request an evidentiary hearing or identify evidence that would be the basis for such a hearing in their response to Plaintiff's Motion for a Preliminary Injunction, which was the time

where Defendants could properly present such an argument. *See, e.g., Ocean Atl. Woodland Corp. v. DRH Cambridge Homes, Inc.*, 2003 U.S. Dist. LEXIS 16737, *20 (N.D. Ill. 2003) ("When a party rests on affidavits and other written submissions, it waives an evidentiary hearing."); *Ligtel Communs. v. Baicells Techs.*, 2020 U.S. Dist. LEXIS 63783, *3 (N.D. Ind. 2020) ("[I]f Defendants' response fails to persuade the Court that genuine and material issues are in dispute that would make a hearing productive, the affidavits alone may be sufficient.") (emphasis added); *Dexia Credit Local v. Rogan*, 2008 U.S. Dist. LEXIS 91149, *11 (N.D. Ill. 2008) ("An evidentiary hearing is required on a motion for preliminary injunction only to the extent that the response to such a motion identifies genuine issues of material fact.") (emphasis added). Courts properly can question "the Defendants' counsel regarding what evidence they would attempt to establish if an evidentiary hearing was to be held," *Jano Justice Sys. v. Burton*, 2010 U.S. Dist. LEXIS 49999, *27 (C.D. Ill. 2010), in order to ensure the rigorous requirements for an evidentiary hearing are met. That questioning is crucial here.

     Accordingly, Plaintiff respectfully requests that this defect be cured by the Court, through an order that grants the Motion for an Evidentiary Hearing, but requires the parties to exchange witness and exhibit lists before the hearing occurs. Plaintiff submits that this preliminary exchange of exhibits is necessary in order to avoid any party being inappropriately surprised by new evidence or arguments not raised in the briefing on the Preliminary Injunction.

Submitted: July 3, 2025

                                                  Respectfully submitted,

                                                  *s/ Kelsey E. McGee*
                                                  Kelsey E. McGee
                                                  Christina A. Compagnone

        Nathan J. Moelker
        Liam R. Harrell
        AMERICAN CENTER FOR LAW &
           JUSTICE
        201 Maryland Avenue, NE
        Washington, DC 2002
        Tel: (202) 641-9160
        Fax: (202) 546-9309
        Email: kmcgee@aclj.org

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of July 2025, a true and correct copy of the above and foregoing document was e-filed using the CM/ECF e-filing system which will serve all parties of record.

/s/ *Kelsey E. McGee*
Kelsey E. McGee
AMERICAN CENTER FOR LAW &
   JUSTICE
201 Maryland Avenue, NE
Washington, DC 2002
Tel: (202) 641-9160
Fax: (202) 546-9309
Email: kmcgee@aclj.org

*Counsel for Plaintiff*