IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| *BRANDON HAMMAN,* | ) |
| Plaintiff, | ) |
| v. | ) Cause No. 3:25-cv-00736 |
| *The CITY OF CARBONDALE, an Illinois municipal corporation, JOHN LENZINI, in his individual and official capacities, and LEONARD JAMIE SNYDER in his individual and official capacities,* | ) |
| Defendants. | ) |

**DEFENDANT CARBONDALE'S MOTION FOR
LEAVE TO FILE ANSWER INSTANTER**

NOW COMES Defendant City of Carbondale and moves the Court, pursuant to FRCP 6(b)(1)(B), for leave to file its Answer to Complaint attached hereto, instanter, and in support of this Motion states:

1. Plaintiff filed his Complaint on April 29, 2025. [Doc. 1]

2. Plaintiff filed his Motion for Preliminary Injunction on May 8, 2025. [Doc. 8]

3. Counsel for Defendants filed their appearances on May 23, 2025. [Docs. 9,10,11]

4. Summons was served on May 20, 2025, showing an answer due on June 10, 2025. [Docs. 12, 13, 14]

5. A Consent Motion for Extension of Time to respond to the Motion for Preliminary Injunction and the Complaint was filed by Defendants on May 30, 2025. [Doc. 15]

6. On May 30, 2025, the Court entered an Order granting the Motion for Extension for a response to the Motion for Preliminary Injunction to June 10, 2025, and a response to the Complaint on July 10, 2025. [Doc. 16]

7. Defendants timely filed their Response to the Motion for Preliminary Injunction on June 10, 2025. [Doc. 17]

8. On July 2, 2025, Defendants filed their Motion for a Hearing on the Motion for Preliminary Injunction. [Doc. 22]

9. On July 10, 2025, Defendants filed a Motion to Dismiss on behalf of the individual Defendants. [Doc. 25]

10. That same day, July 10, 2025, Defendant Carbondale's counsel filed a Motion for Summary Judgment on behalf of the City of Carbondale, believing the Motion for Summary Judgment to be in lieu of filing an Answer to the Complaint. [Doc. 26]

11. Plaintiff has not filed a Motion for Default for failure to file an Answer on July 10, 2025.

12. Instead, Plaintiff filed a Motion for Summary Judgment on July 17, 2025. [Doc. 27]

13. The premise of Plaintiff's Motion Summary Judgment is that by failing to file an Answer to the Complaint on or before the July 10, 2025, date set by the Court, Carbondale has admitted all factual allegations in the Complaint.

14. As shown above, Defendants have not ignored this case but have instead been actively involved in the defense of this case by filing Motions to Dismiss, a Motion for Summary Judgment and a Motion asking the Court to set a hearing on Plaintiff's Motion for Preliminary Injunction.

40517241.v1

15. Not filing the Answer was the result of inadvertence on the part of Defendants' counsel and not meant to delay these proceedings or to act in bad faith. Counsel believed the filing of its Motion for Summary Judgment fulfilled the requirement to respond to the Complaint because FRCP 56(b) permits the filing of the Rule 56 motion at any time until 30 days after the close of all discovery, allowing the filing of the Motion at the commencement of the action.

16. The filing of this Answer to the Complaint at this time will not materially prejudice Plaintiff as the length of delay is short. "To demonstrate prejudice, a party must assert loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment." Routes 202 and 309 and *Novelties Gifts, Inc. v. The King's Men*, 2014 WL 899136, at *2. None of these assertions can be made here.

17. Defendants' various Motions have made Plaintiff well-aware that Defendants contest the Complaint and its factual allegations.

18. As shown in the attached proposed Answer, the core facts of this case are relatively straightforward and will not surprise Plaintiff. Plaintiff placed temporary signs in the ground in the right-of-way. The Ordinance does not allow any signs to be placed in the ground in a right-of-way, regardless of the message on the sign. Plaintiff was asked to remove the signs from the ground. He was advised he could carry or wear the signs and not be in violation of the Ordinance. He refused this alternative; although, there were other people nearby who were carrying or wearing their signs without intervention by the City. After a lengthy discussion with the City Police, Plaintiff removed his signs and was not issued a citation. The next day Plaintiff went to City Hall to get a permit to place signs in the ground in the right-of-way. The City does not issue any permits to place signs in the ground in the right-of-way, so Plaintiff was not issued a permit.

WHEREFORE, Defendant City of Carbondale respectfully moves the Court to enter and Order granting it leave to file the attached Answer to the Complaint instanter and for such other relief as the Court deems appropriate.

                SANDBERG PHOENIX & von GONTARD P.C.

By:  */s/ A. Courtney Cox*
A. Courtney Cox, #6182590
John L. Gilbert, #954101
Philip J. Lading, #6271659
101 W. Vandalia Street, Suite 300
Edwardsville, IL 62025
618-659-9861
618-659-9862 (Fax)
Email: ccox@sandbergphoenix.com
Email: jgilbert@sandbergphoenix.com
Email: plading@sandbergphoenix.com

*Attorneys for Defendants*
*City of Carbondale, an Illinois municipal corporation, John Lenzini, in his individual and official capacities, and Lenoard Jamie Snyder in his individual and official capacities*

## Certificate of Service

The undersigned certifies that on the 24th day of July 2025 the foregoing was filed electronically with the Clerk of the Court and was served upon all counsel of record via the court's electronic service to the following:

Kelsey E. McGee
Stuart J. Roth
Nathan J. Moelker
Liam R. Harrell
Christina A. Compagnone
American Center for Law & Justice
P.O. Box 90555
Washington, DC 2009-0555
kmcgee@aclj.org;
sroth@aclj.org
nmoelker@aclj.org;
lharrell@aclj.org;
ccompagnone@aclj.org
*Counsel for Plaintiff*

/s/ A. Courtney Cox

40517241.v1