**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| *BRANDON HAMMAN,* | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 3:25-cv-00736 |
| | ) | |
| *The CITY OF CARBONDALE, an* | ) | |
| *Illinois municipal corporation, JOHN* | ) | |
| *LENZINI, in his individual and official* | ) | |
| *capacities, and LEONARD JAMIE* | ) | |
| *SNYDER in his individual and official* | ) | |
| *capacities,* | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

NOW COMES the City of Carbondale, Defendant, by undersigned counsel and for its Answer and Affirmative Defenses to the Complaint, states as follows:

### Answer to Opening Statement

Carbondale denies the statements made in the Complaint in the section before Paragraph 1. Carbondale specifically denies the conclusion that it has adopted a policy that prohibits the exercise of constitutional rights. Carbondale specifically denies that the Ordinance at issue is unconstitutionally vague or that it has a policy to apply the Ordinance in an unconstitutional manner. Carbondale specifically denies that it has targeted Plaintiff on account of the viewpoint of his speech.

### Answers to Numbered Paragraphs

1.      Denied. The Ordinance applicable to Plaintiff categorically prohibits the placing of signs in the ground in the right-of-way.

40512848.v1

2.      The Ordinance speaks for itself. Deny the referenced provision of the Ordinance applies to Plaintiff.

3.      Denied.

4.      Admit that on April 16, 2025, Plaintiff was involved in what he has called a demonstration that appeared to be pro-life and that he was advised by John Lenzini that the temporary signs Plaintiff had placed in the ground in the right-of way were not permitted under the Ordinance. Admit the City Attorney provided advice to John Lenzini regarding the Ordinance. Plaintiff was also advised he could carry or wear the signs in the right-of-way without violating the Ordinance, as others were at the time, but Plaintiff refused this alternative. Deny that placing signs twenty feet from the curb would have remedied the issue since that portion of the Ordinance applies to signs on private property, not signs in the right-of-way, which are prohibited regardless of the message on the sign. Otherwise, deny the allegations.

5.      Admit Plaintiff was properly advised that if he did not remove the signs they would be removed by the City and a citation could be issued to him. Plaintiff removed the signs and no citation was issued. Otherwise, deny the allegations.

6.      Admit Plaintiff was prohibited from applying for a permit because permits are not available for placement of temporary signs in the right-of-way.

7.      Admit the action is brought pursuant to the cited statute but deny Plaintiff's constitutional rights were violated or required vindication.

8.      Denied.

9.      Admit that this action raises federal questions under the United States Constitution and the cited amendments and statute but deny Carbondale has violated the United States

40512848.v1

Constitution or the cited amendments and statute and deny Plaintiff is entitled to the relief requested.

10.     Admit, but deny Carbondale has violated the United States Constitution and the cited amendments and statute and deny Plaintiff is entitled to the relief requested.

11.     Admit the Court has such authority but deny Plaintiff is entitled to such relief.

12.     Admit this action is also brought under Article I of the Illinois Constitution and the Illinois Religious Freedom Act but deny Carbondale has violated the Illinois Constitution and the Illinois Religious Freedom Act, and deny Plaintiff is entitled to the relief requested.

13.     Admit venue is proper.

14.     Carbondale lacks sufficient information regarding these allegations to either admit or deny them and therefore denies same and demands strict proof thereof.

15.     Admit.

16.     Admit the first sentence. As to the second sentence, admit John Lenzini properly advised Plaintiff that if he did not remove the signs they would be removed by the City and a citation could be issued to him. Deny this was a threat. Admit Plaintiff removed the signs and no citation was issued. Otherwise, deny the allegations. As to the third sentence, see pending Motion to Dismiss.

17.     Admit Jamie Snyder is the City Attorney of Carbondale who advised John Lenzini about the Ordinance on April 16, 2025, otherwise deny the allegations. As to the second sentence, see pending Motion to Dismiss.

18.     This is a legal conclusion to which no response is required. If it is a statement of fact, it is denied.

19.     Admit.

20.     The Ordinance speaks for itself. Any allegations inconsistent with the Ordinance
are denied.

21.     The Ordinance speaks for itself. Any allegations inconsistent with the Ordinance
are denied. The allegation of ambiguity is denied.

22.     The Ordinance speaks for itself. Any allegations inconsistent with the Ordinance
are denied.

23.     The Ordinance speaks for itself. Any allegations inconsistent with the Ordinance
are denied.

24.     The Ordinance speaks for itself. Any allegations inconsistent with the Ordinance
are denied.

25.     The Ordinance speaks for itself. Any allegations inconsistent with the Ordinance
are denied.

26.     The Ordinance speaks for itself. Any allegations inconsistent with the Ordinance
are denied.

27.     The Ordinance speaks for itself. Any allegations inconsistent with the Ordinance
are denied. Deny the Ordinance is unclear.

28.     The Ordinance speaks for itself. Any allegations inconsistent with the Ordinance
are denied.

29.     The Ordinance speaks for itself. Any allegations inconsistent with the Ordinance
are denied.

30.     The Ordinance speaks for itself. Any allegations inconsistent with the Ordinance
are denied.

40512848.v1

31.    The Ordinance speaks for itself. Any allegations inconsistent with the Ordinance are denied. Deny this portion of the Ordinance applies to Plaintiff.

32.    The Ordinance speaks for itself. Any allegations inconsistent with the Ordinance are denied.

33.    Admit, but deny the characterization of the encounter as a "confrontation."

34.    Carbondale lacks sufficient information regarding these allegations to either admit or deny them and therefore denies same and demands strict proof thereof.

35.    Carbondale lacks sufficient information regarding these allegations to either admit or deny them and therefore denies same and demands strict proof thereof.

36.    Admit that on April 16, 2025, Plaintiff and other persons were present near CHOICES Center for Reproductive Health and that some persons, other than Plaintiff, were peacefully demonstrating by carrying and/or wearing signs in the right-of-way, while Plaintiff had placed his signs in the ground in the right-of-way in violation of the Ordinance. Otherwise, deny the allegations.

37.    Admit that John Lenzini approached Plaintiff on April 16, 2025, for the purpose of advising him that pursuant to the Ordinance his signs cannot be placed in the ground in the right-of-way. According to Plaintiff's Declaration attached to his Motion [Doc. 8-1] this occurred at 11:00 a.m., not 10 a.m. At that time other persons were present who were carrying and/or wearing signs similar to Plaintiff's signs but were not advised by John Lenzini to stop doing so because their use of the signs by carrying or wearing was proper under the Ordinance because their signs were not placed in the ground in the right-of-way like Plaintiff's signs. Carbondale lacks sufficient information regarding the allegations regarding the persons' sincere religious beliefs to either admit or deny them and therefore denies same and demands strict proof thereof.

38.    The video created by Plaintiff on April 16, 2025, and attached to his pending Motion for Preliminary Injunction speaks for itself. Any allegations inconsistent with statements on the video are denied.

39.    The video created by Plaintiff and attached to his pending Motion for Preliminary Injunction speaks for itself. Any allegations inconsistent with statements on the video are denied.

40.    The video created by Plaintiff and attached to his pending Motion for Preliminary Injunction speaks for itself. Any allegations inconsistent with statements on the video are denied.

41.    The video created by Plaintiff and attached to his pending Motion for Preliminary Injunction speaks for itself. Any allegations inconsistent with statements on the video are denied.

42.    The video created by Plaintiff and attached to his pending Motion for Preliminary Injunction speaks for itself. Any allegations inconsistent with statements on the video are denied.

43.    The video created by Plaintiff and attached to his pending Motion for Preliminary Injunction speaks for itself. Any allegations inconsistent with statements on the video are denied.

44.    The video created by Plaintiff and attached to his pending Motion for Preliminary Injunction speaks for itself. Any allegations inconsistent with statements on the video are denied.

45.    The video created by Plaintiff and attached to his pending Motion for Preliminary Injunction speaks for itself. Any allegations inconsistent with statements on the video are denied.

46.    The video created by Plaintiff and attached to his pending Motion for Preliminary Injunction speaks for itself. Any allegations inconsistent with statements on the video are denied.

47.    The video created by Plaintiff and attached to his pending Motion for Preliminary Injunction speaks for itself. Any allegations inconsistent with statements on the video are denied. Admit Plaintiff at first refused to remove the signs, but later removed them.

40512848.v1

48.     The video created by Plaintiff and attached to his pending Motion for Preliminary Injunction speaks for itself. Any allegations inconsistent with statements on the video are denied.

49.     Admit Carbondale Police Officers arrived at the scene and correctly told Plaintiff the signs cannot be in the ground and also told him he could hold the signs and walk around as others were properly doing at that time.

50.     The video created by Plaintiff and attached to his pending Motion for Preliminary Injunction speaks for itself. Any allegations inconsistent with statements on the video are denied.

51.     The video created by Plaintiff and attached to his pending Motion for Preliminary Injunction speaks for itself. Any allegations inconsistent with statements on the video are denied.

52.     The video created by Plaintiff and attached to his pending Motion for Preliminary Injunction speaks for itself. Any allegations inconsistent with statements on the video are denied.

53.     The video created by Plaintiff and attached to his pending Motion for Preliminary Injunction speaks for itself. Any allegations inconsistent with statements on the video are denied.

54.     The video created by Plaintiff and attached to his pending Motion for Preliminary Injunction speaks for itself. Any allegations inconsistent with statements on the video are denied.

55.     Admit.

56.     Admit that on April 17, 2025, Plaintiff went to City Hall to obtain a permit for a 501c organization sign permit. Carbondale lacks sufficient information regarding whether Plaintiff read the Ordinance to either admit or deny them and therefore denies same and demands strict proof thereof. If he had read the Ordinance, he would have known there are no permits allowed for placement of signs in the ground in the right-of-way.

40512848.v1

57.    Admit that John Lenzini did not issue Plaintiff a permit to place signs in the ground in the right-of-way because no permits are available for that purpose. Deny the Ordinance provides for the issuance of temporary permits to place signs in the ground in the right-of-way.

58.    The second video created by Plaintiff on April 17, 2025, and attached to his pending Motion for Preliminary Injunction speaks for itself. Any allegations inconsistent with statements on the video are denied.

59.    The Ordinance speaks for itself. Any allegations inconsistent with the Ordinance are denied.

60.     Admit that no permit was issued to Plaintiff to place signs in the ground in the right-of-way because such permits are not issued by Carbondale.

61.    Admit.

62.    Admit.

63.     Denied.

## COUNT I

64.    Carbondale repeats, restates, and incorporates by reference herein its answers to all preceding paragraphs as though fully set forth herein.

65.    Admit Plaintiff brings this action pursuant to 42 U.S.C. Section 1983, but denies Carbondale violated Plaintiff's right to free speech and denies Plaintiff is entitled to the relief requested.

66.    This is a legal conclusion to which no response is required.

67.    This is a legal conclusion to which no response is required. To the extent it is a statement of fact, Carbondale lacks sufficient information regarding Plaintiff's activities and purpose to either admit or deny them and therefore denies same and demands strict proof thereof.

40512848.v1

68.     Denied. Plaintiff's activities took place in the right-of-way and included placement of signs in the ground in the right-of-way which is not permitted under the Ordinance regardless of the message printed on the sign.

69.     This is a legal conclusion to which no response is required.

70.     This is a legal conclusion to which no response is required.

71.      A search was conducted for this uncited decision, but it could not be found. In the absence of a citation, the allegation must be denied. If Plaintiff will provide the citation, a response will be provided.

72.     This is a legal conclusion to which no response is required. To the extent it is a statement of fact, it is denied.

73.     The Ordinance speaks for itself. Any allegations inconsistent with the Ordinance are denied. Deny the Ordinance is ambiguous.

74.     Deny the Ordinance is vague. All other allegations are also denied.

75.     Denied.

76.     Denied.

77.     This is a legal conclusion to which no response is required. To the extent it is a statement of fact, it is denied.

78.     Deny Plaintiff is entitled to the relief requested.

## COUNT II

79.     Carbondale repeats, restates, and incorporates by reference herein its answers to all preceding paragraphs as though fully set forth herein.

40512848.v1

80.     Admit Plaintiff brings this action pursuant to 42 U.S.C. Section 1983, but denies Carbondale violated Plaintiff's right to free speech and denies Plaintiff is entitled to the relief requested.

81.     This is a legal conclusion to which no response is required.

82.     This is a legal conclusion to which no response is required. To the extent it is a statement of fact, Carbondale lacks sufficient information regarding Plaintiff's activities and purpose to either admit or deny them and therefore denies same and demands strict proof thereof.

83.     Denied. Plaintiff's activities included placement of signs in the ground in the right-of-way which is not permitted under the Ordinance regardless of the message printed on the sign and was advised if he did not remove the signs from the ground, a citation could be issued. Deny the portion of the Ordinance relating to "twenty feet from the curb or right-of-way" do not apply to Plaintiff.

84.     Denied.

85.     This is a legal conclusion to which no response is required. To the extent it is a statement of fact, Carbondale denies it has engaged in "viewpoint discrimination."

86.     This is a legal conclusion to which no response is required. To the extent it is a statement of fact, Carbondale denies it has engaged in "viewpoint discrimination."

87.     This is a legal conclusion to which no response is required. To the extent it is a statement of fact, Carbondale denies its rationale for the restriction against placing signs in the ground in the right-of-way has anything to do with the motivating ideology, the opinion, or the perspective of the speaker. Rather, the Ordinance's restriction is the same regardless of the message printed on the sign.

88.     This is a legal conclusion to which no response is required.

40512848.v1

89.     This is a legal conclusion to which no response is required. To the extent it is a statement of fact, it is denied.

90.     Denied.

91.     This is a legal conclusion to which no response is required. To the extent it is a statement of fact, it is denied.  Deny the provision of the Ordinance pertaining to "twenty feet from the curb or right-of-way is applicable to Plaintiff.

92.     This is a legal conclusion to which no response is required. To the extent it is a statement of fact, it is denied.

93.     This is a legal conclusion to which no response is required. To the extent it is a statement of fact, it is denied.

94.     This is a legal conclusion to which no response is required. To the extent it is a statement of fact, it is denied.

95.     Deny to the extent Plaintiff alleges such factors affect the application of the Ordinance because the Ordinance prohibits signs placed in the ground in the right-of-way regardless of the content of the sign.

96.     This is a legal conclusion to which no response is required. To the extent it is a statement of fact, it is denied.

97.     A search was conducted for this uncited decision, but it could not be found. In the absence of a citation, the allegation must be denied.

98.     Denied.

99.     Denied.

100.    Deny Plaintiff is entitled to the relief requested.

## COUNT III

101.    Carbondale repeats, restates, and incorporates by reference herein its answers to all preceding paragraphs as though fully set forth herein.

102.    Admit Plaintiff brings this action pursuant to 42 U.S.C. Section 1983, but denies Carbondale violated Plaintiff's right to free speech and denies Plaintiff is entitled to the relief requested.

103.    This is a legal conclusion to which no response is required.

104.    This is a legal conclusion to which no response is required. To the extent it is a statement of fact, Carbondale lacks sufficient information regarding Plaintiff's activities and purpose to either admit or deny them and therefore denies same and demands strict proof thereof.

105.    This is a legal conclusion to which no response is required. To the extent it is a statement of fact, Carbondale denies it has engaged in "viewpoint discrimination."

106.    This is a legal conclusion to which no response is required. To the extent it is a statement of fact, Carbondale denies it has engaged in "viewpoint discrimination."

107.    This is a legal conclusion to which no response is required.

108.    This is a legal conclusion to which no response is required. To the extent it is a statement of fact, Carbondale denies it has engaged in "viewpoint discrimination."

109.    This is a legal conclusion to which no response is required. To the extent it is a statement of fact, it is denied.

110.    Admit there is no permitting process for 501c organizations to place signs in the ground in a right-of-way. Such permits are for placement of signs on private property.

111.    Denied.

112.    Admit there is no permitting process for 501c organizations to place signs in the ground in a right-of-way. Such permits are for placement of signs on private property.

113.    This is a legal conclusion to which no response is required. To the extent it is a statement of fact, it is denied.

114.    Deny Plaintiff is entitled to any relief requested.

## COUNT IV

115.    Carbondale repeats, restates, and incorporates by reference herein its answers to all preceding paragraphs as though fully set forth herein.

116.    Admit Plaintiff brings this action pursuant to 42 U.S.C. Section 1983, but denies Carbondale violated Plaintiff's right to free speech and denies Plaintiff is entitled to the relief requested.

117.    This is a legal conclusion to which no response is required.

118.    Denied.

119.    Deny Carbondale has burdened Plaintiff's religious beliefs and expression.

120.    This is a legal conclusion to which no response is required. To the extent it is a statement of fact, it is denied.

121.    This is a legal conclusion to which no response is required. To the extent it is a statement of fact, it is denied.

## COUNT V

122.    Carbondale repeats, restates, and incorporates by reference herein its answers to all preceding paragraphs as though fully set forth herein.

123.    This is a legal conclusion to which no response is required. To the extent it is a statement of fact, it is denied.

40512848.v1

124. The video created by Plaintiff and attached to his pending Motion for Preliminary Injunction speaks for itself. Any allegations inconsistent with statements on the video are denied.

125. Admit that pursuant to the Ordinance no person or entity can place a sign in the ground in the right-of-way regardless of the message placed on the sign.

126. Admit there is no process under the Ordinance for the issuance of a permit to place a sign in the ground in the right-of-way.

127. Admit there is no way to comply with the sign Ordinance regarding placing signs in the ground in the right-of-way other than by not placing signs in the ground in the right-of-way, since such signs are strictly prohibited.

128. Deny that Carbondale seized property (the non-compliant signs) but rather permitted Plaintiff to remove the signs without issuing a citation to him.

129. Admit Carbondale did not respond to the written request because Plaintiff had previously been advised the placement of signs in the ground in a right-of-way is prohibited and there are no permits available for such signs.

130. This is a legal conclusion to which no response is required. To the extent it is a statement of fact, it is denied.

## COUNT VI

131. Carbondale repeats, restates, and incorporates by reference herein its answers to all preceding paragraphs as though fully set forth herein.

132. This is a legal conclusion to which no response is required. Deny that Carbondale violated the Equal Protection Clause with respect to Plaintiff.

133. This is a legal conclusion to which no response is required. To the extent it is a statement of fact, it is denied.

134.   The video created by Plaintiff and attached to his pending Motion for Preliminary Injunction speaks for itself. Any allegations inconsistent with statements on the video are denied.

135.   Deny Plaintiff was "selectively mistreated."

136.   Deny Carbondale engaged in "selective treatment." Deny the remaining allegations.

137.   This is a legal conclusion to which no response is required. To the extent it is a statement of fact, it is denied.

<u>**COUNT VII**</u>

138.   Carbondale repeats, restates, and incorporates by reference herein its answers to all preceding paragraphs as though fully set forth herein.

139.   Carbondale lacks sufficient information regarding these allegations to either admit or deny them and therefore denies same and demands strict proof thereof.

140.   Admit that Plaintiff placed such signs in the ground in the right-of-way in violation of the Ordinance. Deny the remaining allegations.

141.   This is a legal conclusion to which no response is required. To the extent it is a statement of fact, Carbondale denies that it violated Plaintiff's right to exercise his religion.

142.   Admit Plaintiff was told to remove the signs he placed in the ground in the right-of-way because they violated the Ordinance and deny that carrying or wearing signs was an inadequate substitute or that it substantially burdened his exercise of religion.

143.   Denied.

144.   Denied.

145.   Denied.

40512848.v1

WHEREFORE, Carbondale asks that Plaintiff take nothing by reason of his Complaint, that his requests for relief be denied in full, and for such other and further relief as the Court deems appropriate.

## **AFFIRMATIVE DEFENSES**

For its Affirmative Defenses to Plaintiff's Complaint, Carbondale states as follows:

1.    The Ordinance at issue prohibits the placing of signs in the ground in the public right-of-way.

2.    There is no process in the Ordinance for the issuance of permits for the placement of signs in the ground in the public right-of-way.

3.    Permits can be issued for the placement of signs on private property under certain conditions; however, Plaintiff did not seek to place signs on private property but rather sought to place signs in the ground in the public right-of-way, which is prohibited under the Ordinance.

4.    The prohibition in the Ordinance against placing signs in the ground in the public right-of-way applies regardless of the content of the message on the sign.

5.    The prohibition in the Ordinance against placing signs in the ground in the public right-of-way is narrowly tailored to significant government interests related to traffic and pedestrian safety and community aesthetics.

6.    The carrying or wearing of signs in the public right-of-way was offered to Plaintiff as a reasonable alternative to placing the signs in the ground in the public right-of-way, which alternative Plaintiff refused to accept.

40512848.v1

SANDBERG PHOENIX & von GONTARD P.C.

By:  */s/ A. Courtney Cox*
A. Courtney Cox, #6182590
John L. Gilbert, #954101
Philip J. Lading, #6271659
101 W. Vandalia Street, Suite 300
Edwardsville, IL 62025
618-659-9861
618-659-9862 (Fax)
Email: ccox@sandbergphoenix.com
Email: jgilbert@sandbergphoenix.com
Email: plading@sandbergphoenix.com

*Attorneys for Defendants*
*City of Carbondale, an Illinois municipal*
*corporation, John Lenzini, in his individual and*
*official capacities, and Lenoard Jamie Snyder*
*in his individual and official capacities*

**Certificate of Service**

The undersigned certifies that on the _____ day of _____ 2025 the foregoing was filed electronically with the Clerk of the Court and was served upon all counsel of record via the court's electronic service to the following:

Kelsey E. McGee
Stuart J. Roth
Nathan J. Moelker
Liam R. Harrell
Christina A. Compagnone
American Center for Law & Justice
P.O. Box 90555
Washington, DC 2009-0555
kmcgee@aclj.org;
sroth@aclj.org
nmoelker@aclj.org;
lharrell@aclj.org;
ccompagnone@aclj.org
*Attorneys for Plaintiff*

*/s/ A. Courtney Cox*

40512848.v1