# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| *BRANDON HAMMAN,* | ) |
| Plaintiff, | ) ) ) |
| v. | ) Cause No. 3:25-cv-00736 ) |
| *The CITY OF CARBONDALE, an Illinois municipal corporation, JOHN LENZINI, in his individual and official capacities, and LENOARD JAMIE SNYDER in his individual and official capacities,* | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## DEFENDANT CITY OF CARBONDALE'S REPLY BRIEF IN OPPOSITION TO PLAINTIFF'S RESPONSE TO SUMMARY JUDGMENT

COMES NOW, Defendant, City of Carbondale ("Defendant" or "Carbondale"), by and through its attorneys, and for its Reply in Opposition to Brandon Hamman's ("Plaintiff") Response to the City of Carbondale's Motion for Summary Judgment, states as follows:

### INTRODUCTION

This Reply addresses Plaintiff's misunderstanding of the term "right of way," Plaintiff's purported status as a 501(c) organization that may apply for a temporary signage permit under the signage ordinance ("Ordinance"), and other misunderstandings of the law articulated by Plaintiff.

### ARGUMENT

**I.** **There is no genuine issue of material fact as to the definition of "public right of way" or whether Plaintiff was attempting erect his signs in the "public right of way."**

Throughout his Response Motion, and particularly in response to Defendant's Statement of Facts, Plaintiff asserts "[t]he definition of 'public right of way' is a question of law that remains

Page 1 of 6

40748364.v1

in dispute." This is simply untrue. While it is true the Sign Ordinance itself does not contain a definition for "public right of way," other parts of the City of Carbondale Municipal Code *do* define "public right of way." For example, under Title 17-12-2, "right of way" is defined in relevant part as "[a]ny street, alley, other land or waterway, dedicated or commonly used for pedestrian or vehicular traffic or other similar purposes, including utility easements, in which the city of Carbondale has the right and authority to authorize, regulate or permit the location of facilities other than those of the city of Carbondale." Combined with the fact that "public right of way" is a commonly used term under both Illinois law and municipal ordinances to describe these areas, there is no dispute as to what constitutes the "public right of way" which right of way appears in publicly recorded documents available to and accessible by Plaintiff.

Indeed, at this Court's August 2025 hearing on Plaintiff's Motion for Preliminary Injunction, City Attorney Jamie Snyder testified about the definitions of "right of way" in the Code. John Lenzini testified that the area where Plaintiff sought to place his signs is platted "public right of way," in part, because public utilities are located underground in that area, and there was a dedication of the right of way to Carbondale as depicted in Defendant's Exhibits 5 & 17 admitted into evidence in the Preliminary Injunction hearing.

Plaintiff claims *Constr. & Gen. Laborers' Union No. 330 v. Town of Grand Chute*, the case principally relied upon in Defendant's Motion for Summary Judgment, is inapplicable to the instant facts because *Grant Chute* did not involve a party contesting the location or definition of "public right of way." 915 F.3d 1120, 1122-23 (7th Cir. 2019). This is not a meaningful distinction because, as established above, there is no genuine dispute of material fact that Plaintiff was attempting to erect signs in the "public right of way."

40748364.v1

The relevant question is whether Plaintiff sought to erect his signs in the public right of way. There is no genuine issue of material fact this was this case.

**II.  The Ordinance does not allow permits to be issued for signs in the "public right of way" regardless of 501(c) status.**

As previously briefed by Defendant, 15.4.10.8(A)(1) of the Ordinance clearly provides that *"[n]o sign may be erected upon, suspended over, or encroach upon the public right of way[.]"* There is only one exception to this rule, found in 17-1-5 of the Code, which even Plaintiff does not dispute is not applicable here. In repeated attempts to read content into the Ordinance that is not there, Plaintiff's Response Motion points to 15.4.10.8(A)(3), which states any temporary signs "shall [not] be erected within twenty feet (20') of the curb line of any adjoining street[.]" Plaintiff attempts to characterize this provision as an exception to the Ordinance's blanket prohibition on signs in the "public right of way," but nothing about 15.4.10.8(A)(3) changes the Ordinance's general rule. If this section of the Ordinance was meant to be an exception, it would have been identified as such, just like 17-1-5 referenced above. Instead, this portion of the Ordinance merely means that any temporary signs on private property must be placed at least 20 feet from the curb.

Relatedly, Plaintiff points to 15.4.10.8(A)(5)(b)(2), which permits 501(c) non-profit organizations to obtain a permit for displaying a temporary sign for up to 30 days. Again, Plaintiff attempts to characterize this portion of the Ordinance as an exception to the clear rule that no signs are permitted in the "public right of way." Since 15.4.10.8(A)(5)(b)(2) is similarly not identified as an exception to the Ordinance's blanket prohibition, it can only be referring to signs issued to 501(c) organizations for use on *private property.* This fact is supported by the clear and unequivocal language on the temporary sign permit applications submitted as Exhibit A to Defendant's Motion for Summary Judgment, which states "[s]igns shall be erected entirely on

private property." Despite Plaintiff's continued and persistent mischaracterization, the Ordinance is clear that no permit is available for placing signs in the "public right of way."

### III. Plaintiff makes other arguments that are misleading or mistaken throughout his Response Motion.

First, Plaintiff claims Summary Judgment is premature because discovery has not yet been conducted in this case. This argument is not applicable here because the hearing on Plaintiff's Motion for Preliminary Injunction required both parties to present considerable evidence, exhibits, and testimony in a contested evidentiary hearing. Plaintiff cannot seriously contend there is anything premature about moving for summary judgment at this juncture, given the extensive nature of the parties' respective briefing and evidence disclosed.

Next, Plaintiff relies on *City of Ladue v. Gilleo* for the proposition that carrying/wearing signs is not an "ample alternative." 512 U.S. 43 (1994). Plaintiff fails to mention *City of Ladue*, unlike the instant case, deals with a prohibition of signs *on private property. Id.* at 45. Plaintiff either ignores or similarly fails to acknowledge that both *Grant Chute* and the instant case deal with a signage prohibition in the public right of way as opposed to private property. *Grand Chute*, 834 F.3d at 748.

Finally, Plaintiff purports to put the burden of proof for showing lack of viewpoint discrimination on Defendant, but it is Plaintiff's burden (which Plaintiff has failed to carry) to show Defendants acted in a viewpoint discriminatory way. *Pahls v. Thomas*, 718 F.3d 1210, 1230 (10th Cir. 2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). Indeed, Plaintiff's only evidence on this point is a message from Mr. Snyder to Mr. Lenzini asking whether "coalitionnlife" was the organization protesting with Plaintiff. However, at the hearing for Plaintiff's Motion for Preliminary Injunction, Defendant Snyder testified that he only asked that question because he had

40748364.v1

the phone number for that organization's attorney, who he would have called to discuss the situation if it was the same group. Again, Plaintiff has failed to carry his burden.

## CONCLUSION

WHEREFORE, Defendant City of Carbondale requests this Court Grant its Motion for Summary Judgment, entering Judgment in favor of the City of Carbondale and against Plaintiff, Brandon Hamman, and for such other and further relief as this Court deems just and equitable.

SANDBERG PHOENIX & von GONTARD P.C.

By:    /s/ A. Courtney Cox
      A. Courtney Cox, #6182590
      John L. Gilbert, #954101
      Philip J. Lading, #6271659
      101 W. Vandalia Street, Suite 300
      Edwardsville, IL 62025
      618-659-9861
      618-659-9862 (Fax)
      Email: ccox@sandbergphoenix.com
      Email: jgilbert@sandbergphoenix.com
      Email: plading@sandbergphoenix.com

*Attorneys for Defendants*
*City of Carbondale, an Illinois municipal corporation, John Lenzini, in his individual and official capacities, and Lenoard Jamie Snyder in his individual and official capacities*

## Certificate of Service

The undersigned certifies that on the 21st day of August 2025 the foregoing was filed electronically with the Clerk of the Court and was served upon all counsel of record via the court's electronic service to the following:

Kelsey E. McGee
Stuart J. Roth
Nathan J. Moelker
Liam R. Harrell
Christina A. Compagnone
American Center for Law & Justice
P.O. Box 90555
Washington, DC 2009-0555
kmcgee@aclj.org;
sroth@aclj.org
nmoelker@aclj.org;
lharrell@aclj.org;
ccompagnone@aclj.org
*Counsel for Plaintiff*

                                                  */s/ A. Courtney Cox*