IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| *BRANDON HAMMAN,* | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Cause No. 3:25-cv-00736<br>) |
| *The CITY OF CARBONDALE, an Illinois municipal corporation, JOHN LENZINI, in his individual and official capacities, and LENOARD JAMIE SNYDER in his individual and official capacities,* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**DEFENDANTS LENZINI AND SNYDER'S REPLY BRIEF
IN OPPOSITION TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS**

COME NOW, Defendants John Lenzini and Lenoard[1] Jamie Snyder ("Defendants"), by and through their attorneys, and for their Reply in Opposition to Brandon Hamman's ("Plaintiff") Response to Defendant John Lenzini and Lenoard Jamie Snyder's Motion to Dismiss ("Response Motion"), state as follows:

**INTRODUCTION**

This Reply addresses Plaintiff's responsive arguments regarding the issue of qualified immunity. Plaintiff's further briefing in his Response Motion otherwise largely duplicates arguments made in other briefing throughout this case. Namely, Plaintiff's arguments in his Response Motion mirror those made in Plaintiff's Response in Opposition to Defendant City of Carbondale's Motion for Summary Judgment. As such, Defendants' replies to those arguments as

---

[1] The caption, as filed by Plaintiff, misspells Mr. Snyder's first name as "Leonard." His name has been corrected in the caption above and throughout this Reply to its proper spelling, "Lenoard."

to all named Defendants have been articulated in Defendant Carbondale's previously filed Reply in Opposition to Plaintiff's Response to Defendant City of Carbondale's Motion for Summary Judgment. In the interest of reducing necessary briefing, those arguments will not be repeated but are nonetheless fully incorporated herein.

## ARGUMENT

Plaintiff's Response Motion argues Defendants cannot establish qualified immunity at this point in the proceedings. Specifically, Plaintiff claims, "the facts remain disputed or underdeveloped" and that discovery should be conducted before reaching the question of qualified immunity. Plaintiff's arguments miss the mark—there is nothing premature about the qualified immunity determination at this juncture.

As an initial matter, "[u]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985); *see also Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984, 988 (7th Cir. 2012) (the application of qualified immunity must be determined "as early in the proceedings as possible"). The entitlement to qualified immunity is an "*immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Id.* (emphasis in original). Indeed, because of the propriety of deciding qualified immunity at the earliest possible stage, denial of qualified immunity is immediately appealable. *Id.* at 526-27.

Defendants, in their Motion to Dismiss, have already fully briefed the reasons why Plaintiff has not and cannot state a claim of violation of a clearly established law. Relatedly, Plaintiff cannot seriously contend there is anything premature about the qualified immunity determination at the motion-to-dismiss stage given the extensive nature of the parties' respective briefing and evidence

40782207.v1

disclosed, including at a multi-day, evidentiary hearing on Plaintiff's Motion for Preliminary Injunction.

The focus of Plaintiff's argument is the alleged differing interpretations of Carbondale's signage ordinance ("Ordinance"). However, Defendants have established through extensive briefing the clear directives of the Ordinance, and that based on existing case law, enforcement of the Ordinance did not violate any clearly established right. *See Constr. & Gen. Laborers' Union No. 330 v. Town of Grand Chute*, 915 F.3d 1120 (7th Cir. 2019) (analogous case principally relied upon by Defendants to show the Ordinance does not violate a clearly established right). As such, Defendants are entitled to dismissal based on qualified immunity.

## CONCLUSION

WHEREFORE, Defendants John Lenzini and Lenoard Jamie Snyder move this Court to dismiss all claims against them in Plaintiff's Complaint and for such other and further relief as this Court deems just and equitable.

    SANDBERG PHOENIX & von GONTARD P.C.

By:   /s/ A. Courtney Cox
      A. Courtney Cox, #6182590
      John L. Gilbert, #954101
      Philip J. Lading, #6271659
      101 W. Vandalia Street, Suite 300
      Edwardsville, IL 62025
      618-659-9861
      618-659-9862 (Fax)
      Email: ccox@sandbergphoenix.com
      Email: jgilbert@sandbergphoenix.com
      Email: plading@sandbergphoenix.com

*Attorneys for Defendants City of Carbondale, an Illinois municipal corporation, John Lenzini, in his individual and official capacities, and Lenoard Jamie Snyder in his individual and official capacities*

## Certificate of Service

The undersigned certifies that on the 22nd day of August 2025 the foregoing was filed electronically with the Clerk of the Court and was served upon all counsel of record via the court's electronic service to the following:

Kelsey E. McGee
Stuart J. Roth
Nathan J. Moelker
Liam R. Harrell
Christina A. Compagnone
American Center for Law & Justice
P.O. Box 90555
Washington, DC 2009-0555
kmcgee@aclj.org;
sroth@aclj.org
nmoelker@aclj.org;
lharrell@aclj.org;
ccompagnone@aclj.org
*Counsel for Plaintiff*

　　　　　　　　　　　　　　　　　　　　　　　　/s/ A. Courtney Cox

40782207.v1